UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00918-JVS (RNBx) <br> **CV 09-6352 JVS (RNBx)**\*\*\* | Date | January 5, 2010 |
| Title | Roy Kaminske etc. v. JP Morgan Chase Bank N.A. et al. <br> **Gail Christiansen, et al. V. JP Morgan Chase & Co., et al.** | | |

Present: The Honorable     James V. Selna

| Karla Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)**
**Order Granting in Part and Denying in Part Plaintiff Kaminske's Motion to Consolidate and Name Gould & Associates and the Law Offices of Richard A. Jones Interim Class Counsel (fld 11-23-09)**

**Order Granting Plaintiff Christiansen's Motion to Consolidate and Interim Lead Counsel (fld 12-14-09)**

Plaintiff Roy Kaminske ("Kaminske") moves to consolidate his action with that of plaintiff Gail Christiansen ("Christiansen") pursuant to Federal Rule of Civil Procedure 42(a), and to appoint Gould & Associates ("G&A") and Richard A. Jones ("Jones") as interim co-lead counsel for the putative class. Christiansen also moves to consolidate the actions, but requests that the Court appoint Kawahito & Shraga LLP ("K&S") as interim lead counsel for the putative class. Defendant JPMorgan Chase Bank, N.A. ("Chase") has submitted a statement that it does not oppose consolidation. Kaminske opposes Christiansen's motion and Christiansen opposes Kaminske's motion to the extent each requests that his or her counsel be appointed to lead the consolidated actions.

I.     BACKGROUND

The Kaminske action was filed on July 6, 2009 in the Orange County Superior Court, and was removed to this Court on August 7, 2009. The Court issued a Scheduling Order on December 12, 2009 setting the dates for discovery, the law and motions deadline, the pre-trial conference, and the trial. The Kaminske complaint alleges five

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-00918-JVS (RNBx)<br>**CV 09-6352 JVS (RNBx)**\*\*\* | Date | January 5, 2010 |
|---|---|---|---|
| Title | Roy Kaminske etc. v. JP Morgan Chase Bank N.A. et al.<br>**Gail Christiansen, et al. V. JP Morgan Chase & Co., et al.** | | |

causes of action: (1) failure to pay reimbursement in violation of California Labor Code sections 221 and 2802; (2) failure to provide itemized statements to employees in violation of California Labor Code section 226; (3) failure to pay terminated or quitting employees in violation of California Labor Code sections 201, 202, and 203; (4) restitution for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201; and (5) unfair business practices in violation of California Business and Professions Code sections 17200 et seq. Kaminske seeks relief on behalf of "[a]ll current and former loan offices [sic] employed by [Chase] in the State of California, who within the applicable statute of limitations, failed to receive reimbursement . . .; were not provided correct itemized pay statements . . . ; failed to receive all monies due upon termination or quitting . . . ; failed to receive overtime compensation; [or] were subjected to [Chase's] unfair business practices." (Kaminske Compl. ¶ 6.)

     The Christiansen action was filed on July 27, 2009 in the Los Angeles Superior Court. It was removed to federal court on August 31, 2009 and transferred to this Court on September 16, 2009. A scheduling conference was calendared for December 14, 2009, but was continued in light of the competing consolidation motions. The Christiansen complaint alleges nine causes of action: (1) failure to pay overtime in violation of California Labor Code sections 510 and 1198; (2) failure to provide correct wage statements in violation of California Labor Code section 226(a); (3) unpaid missed meal breaks in violation of California Labor Code sections 226.7(a) and 512(a); (4) unpaid missed rest breaks in violation of California Labor Code section 226.7(a); (5) unlawful deduction of wages in violation of California Labor Code sections 221 and 400-410; (6) unpaid business-related expenses in violation of California Labor Code section 2800 and 2802; (7) unlawful paying of a lower wage in violation of California Labor Code sections 222 and 223; (8) unpaid wages upon termination in violation of California Labor Code sections 201 and 202; and (9) violations of California Business and Professions Code sections 17200 et seq. Christiansen seeks relief on behalf of "[a]ll person who have been employed by [Chase] in the State of California within the relevant time periods prior to filing of this complaint until resolution of this lawsuit and who held or hold the positions of Loan Officer or other titles with similar job duties. " (Christiansen First Amended Compl. ¶ 13.)

II.    ANALYSIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-00918-JVS (RNBx)<br>**CV 09-6352 JVS (RNBx)**\*\*\* | Date | January 5, 2010 |
|---|---|---|---|
| Title | Roy Kaminske etc. v. JP Morgan Chase Bank N.A. et al.<br>**Gail Christiansen, et al. V. JP Morgan Chase & Co., et al.** | | |

A.   Consolidation

Under Rule 42(a), the Court may consolidate separate actions if they "involve a common question of law or fact."  The Court has broad discretion on whether to consolidate and should balance the efficiency of consolidation against inconvenience, delay or prejudice to the parties.  Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

The Court finds consolidation appropriate in light of the parties' agreement and the substantial similarity between the claims and putative classes of the two actions.  Subsequent pleadings and motion shall be filed under the caption and case number of the first-filed case, Roy Kaminske, et al. v. JP Morgan Chase Bank, N.A., et al., SACV 09-918 JVS (RNBx).

B.   Interim Lead Counsel

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  In cases like this one, where multiple firms seek appointment as class counsel, "the court must appoint the applicant best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).

The Court must consider various factors in appointing class counsel, including: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  In addition the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

The Court finds that both firms have the requisite qualifications, experience, and resources to represent the putative class in this matter.  However, the Court finds that K&S is "best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00918-JVS (RNBx)<br>**CV 09-6352 JVS (RNBx)**\*\*\* | Date | January 5, 2010 |
| Title | Roy Kaminske etc. v. JP Morgan Chase Bank N.A. et al.<br>**Gail Christiansen, et al. V. JP Morgan Chase & Co., et al.** | | |

  Both actions are at essentially the same stage of proceedings. The actions were filed roughly three weeks apart. Neither action has proceeded much beyond the Rule 26(f) Scheduling Conference. Plaintiffs' counsel in both actions have served discovery requests on Chase, to which Chase has delayed responding pending consolidation.

  Both firms have similar experience in loan officer misclassification cases. K&S is a relatively young firm, founded just last year, but has compiled an impressive list of accomplishments in that short time. It is currently litigating eight class actions, as both plaintiff and defense counsel, and is lead counsel in seven of those actions. Six of those actions involve wage and hour disputes, and one in particular, Frank v. PHH Corporation, et al., L.A.S.C. BC 402129, is a misclassification case on behalf of current and former loan officers, similar to the case here. K&S has negotiated a favorable settlement in Frank, pending court approval. (Kawahito Decl. ¶ 20.) In addition, James Kawahito ("Kawahito") litigated a loan officer misclassification case on the defense side in Robertson v. Novastar Mortgage, Inc., CV 04-8444 (C.D. Cal.), while he was an attorney with Paul, Hastings, Janofsky & Walker, LLP. (Id. ¶ 19.)

  G&A and Jones also have significant experience litigating wage and hour misclassification cases. Michael Gould ("Gould") has been an attorney for over 19 years and Jones for over 24 years. Jones has tried over 30 cases over the course of his career. G&A and Jones have litigated three recent broker/financial officer misclassification cases similar to the case here, with significant settlements in each. However, G&A appears to have overstated its involvement in one of those cases, Tchikovani v. Citicorp Investment Services, CV 07-113 ABC (Rzx) (C.D. Cal.), as the court did not consider G&A's contributions to the settlement in that case significant enough to warrant an award of attorneys' fees.[1] (Kawahito Decl. Ex. E.)

  The main difference between the two plaintiffs' firms in this matter is the work K&S has done researching and identifying claims in this matter. For example, K&S's complaint alleges unpaid overtime under both California and federal law, while G&A's

---

[1] G&A has appealed the Tchikovani court's ruling on attorneys' fees. (See Zeif Decl. in Opp'n, Ex. 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-00918-JVS (RNBx)<br>**CV 09-6352 JVS (RNBx)**\*\*\* | Date | January 5, 2010 |
|---|---|---|---|

| Title | Roy Kaminske etc. v. JP Morgan Chase Bank N.A. et al.<br>**Gail Christiansen, et al. V. JP Morgan Chase & Co., et al.** |
|---|---|

and Jones's complaint only pleads an overtime claim under federal law.[2] In addition, K&S included claims for missed meal and rest breaks, but G&A's and Jones's claims did not. The omission of these claims could result in a substantially lower award for the class. The Court also notes that a comparison of the quality of the filings by each party in this motion indicates that K&S is a firm better prepared to handle the complex litigation in this case.

Accordingly, taking into account all of the factors under Rule 23(g)(1), the Court finds that K&S will provide the best representation for the putative classes in this action. However, as the case proceeds, the Court is free to revisit whether a different or augmented skill set is required, particularly if the matter proceeds to trial.

C.   Lead Plaintiffs

The parties have not briefed the Court on which plaintiffs should be named lead plaintiffs. The Court finds Kaminske and Christiansen to be indistinguishable in this matter and equally well-suited to serve as lead plaintiffs. Accordingly, the Court appoints Kaminske and Christiansen as joint interim lead plaintiffs.

III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to consolidate Roy Kaminske, et al. v. JP Morgan Chase Bank N.A., et al., SACV 09-918 JVS (RNBx) and Gail Christiansen, et al. v. JP Morgan Chase & Co., et al., CV 09-6352 JVS (RNBx). The

---

[2] G&A and Jones argue that the California exemption for "inside" salespersons will likely preclude state overtime claims, as the putative class members apparently received more than 1.5 times the minimum wage and more than half their compensation was paid in commissions. (Kaminske's Opp'n Br. 8.) The Federal "inside" salesperson exemption is limited to retail and service establishments. 29 U.S.C. § 207(i). However, K&S explicitly considered this difference in state and federal law and apparently felt that its state claims were still viable. (Christiansen Mot. Br. 15.) K&S points out that the exemption does not preclude claims for missed rest and meal breaks. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00918-JVS (RNBx)<br>**CV 09-6352 JVS (RNBx)**\*\*\* | Date | January 5, 2010 |
| Title | Roy Kaminske etc. v. JP Morgan Chase Bank N.A. et al.<br>**Gail Christiansen, et al. V. JP Morgan Chase & Co., et al.** | | |

Court appoints Kawahito & Shraga LLP as interim lead counsel, and Kaminske and Christiansen as interim lead plaintiffs. The Court orders the following:

1.  Subsequent pleadings and motions in this action shall be filed under the caption <u>Roy Kaminske, et al. v. JP Morgan Chase Bank, N.A., et al.</u>, SACV 09-918 JVS (RNBx), referencing the consolidated actions below the master case number;

2.  A Master Docket shall be established for these and any subsequently-consolidated actions;

3.  A Master File shall be established under Case No. SACV 09-918 JVS (RNBx), and separate files maintained for each separate action;

4.  If a newly filed or transferred action arises out of the same operative facts, the parties shall notify the Court of the related action and file a motion/application to consolidate in the related action, and provide service of the motion/application and this order to counsel in the related action. Counsel in the related action may object to consolidation as required by the Local and Federal Rules;

5.  K&S, as interim lead counsel, shall have authority over the following matters: (a) meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work to other counsel as it may deem appropriate; (e) retaining experts; (f) designating which attorneys may appear at hearings and conferences with the Court; (g) conducting settlement negotiations; and (h) any other matters concerning the prosecution of this action;

6.  K&S shall instruct Chase as to which set of discovery requests to respond to and Chase shall have 14 days from K&S's instruction to respond;

7.  Within 14 days, K&S shall file a consolidated complaint, and Chase shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00918-JVS (RNBx) **CV 09-6352 JVS (RNBx)**\*\*\* | Date | January 5, 2010 |
| Title | Roy Kaminske etc. v. JP Morgan Chase Bank N.A. et al. **Gail Christiansen, et al. V. JP Morgan Chase & Co., et al.** | | |

respond thereto within 20 days; and

8. The consolidated scheduling conference is set for January 25, 2010 at 10:30 a.m, and the case management dates set in the Kaminske matter on November 30, 2009 (Docket #13) and the prior scheduling order, Docket Number 12, are vacated.

IT IS SO ORDERED.

| | | 0 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | kjt | | |